# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRES RODRIGUEZ, JR., | : |
| | : |
| Plaintiff, | : |
| v. | : 3:18-CV-127 |
| | : (JUDGE MARIANI) |
| ANDREW SAUL[1], | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

On January 18, 2018, Plaintiff Andres Rodrigues, Jr. filed a Complaint seeking judicial review of a final decision made by Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying his application for Social Security Disability benefits. (Doc. 1). This matter was referred to Magistrate Judge Karoline Mehalchick to prepare a Report and Recommendation ("R&R"). On February 8, 2019, Magistrate Judge Mehalchick issued an R&R (Doc. 21) recommending that the decision of the Commissioner be affirmed, and that case be closed. Plaintiff filed Objections (Doc. 22) on February 22, 2019, to which Defendant filed a response (Doc. 13). Upon *de novo* review of Magistrate Judge Mehalchick's R&R, the Court will overrule Plaintiff's Objections and adopt the pending R&R.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Commissioner Andrew Saul is automatically substituted as the named Defendant in place of the former Commissioner of Social Security.

1

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court.  28 U.S.C. § 636(b)(1)(B).  If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Here, in response to the pending R&R, Plaintiff filed five objections which this Court will address in turn.

When reviewing the Commissioner's final decision denying a claimant's application for Disability Insurance Benefits, a District Court is limited to a deferential review of whether there is substantial evidence to support the findings of the Commissioner.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  Factual findings which are supported by substantial evidence must be upheld. *Ficca v. Astrue*, 901 F.Supp.2d, 533, 536 (M.D. Pa. 2012) (citing 42 U.S.C. § 405(g); *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001)).

Plaintiff first's first objection is directed at the Administrative Law Judge's (ALJ's) findings as to the credibility of the testimony of Plaintiff and his wife. (*See* Doc. 22 at 1). First, Plaintiff objects to Magistrate Judge Mehalchick's finding that the ALJ "properly found the Plaintiff not credible because his daily activities exceeded his allegations of limitations." (*Id*).

The court generally defers to the ALJ's assessment of credibility. *Zirnsak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014). In making these credibility determinations, the ALJ "must specifically identify and explain what evidence he found not credible and why he found it not credible." *Id* (citing *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994). "Although the ALJ is required to give great weight to the claimant's testimony of subjective complaints, he has the right, as the fact finder, to reject partially, or even entirely, such subjective complaints if they are not fully credible." *Weber v. Massanari*, 156 F.Supp.2d 475, 485 (E.D. Pa. 2001) (citing *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974).

Here, when considering Plaintiff's testimony, the ALJ found his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Doc. 10-2 at 25). While it is true that the ALJ cited to Plaintiff's activities of daily living as evidence that his symptoms are not debilitating on a consistent basis, this was not the only evidence the ALJ relied on in making his determination. In addition to Plaintiff's daily activities, the ALJ pointed to Plaintiff's use of opioids, muscle relaxants and NSAIDs for pain relief, the fact

that Plaintiff was observed walking without any difficulty in February 2014, and that the record lacks evidence of markedly diminished range of motion, absent reflexes, or loss of sensation as evidence that the limiting effects of Plaintiff's alleged symptoms are not entirely consistent with the record. (*Id*).

In his objection, Plaintiff cited to Third Circuit precedent *Smith v. Califano*, arguing "[t]he Third Circuit has long held that sporadic and transitory activities alone cannot be used to support the ability to engage in substantial gainful activity. (Doc. 22 at 2) (citing 637 F.2d 968, 971 (3d Cir. 1981)). As Magistrate Judge Mehalchick noted, standing alone, Plaintiff's daily activities would not form a basis to find him non-disabled. (Doc. 21 at 19). However, this case is unlike *Smith* in that the ALJ's determination is supported medical records corroborating Plaintiff's non-disability. Therefore, the Court finds the ALJ's conclusion on the credibility of Plaintiff's testimony is supported by substantial evidence.

Next, Plaintiff argues that Magistrate Judge Mehalchick "further erred in upholding the Administrative Law Judge's evaluation of the testimony by the Plaintiff's wife." (Doc. 22 at 1). Plaintiff's argument rests on the assertion that the ALJ "failed to explain which limitations were accepted and which were rejected." (*Id*. at 2).

When evaluating evidence from non-medical sources such as family or friends, an ALJ should consider 'such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence.'" *Zirnsak*, 77 F.3d at 612 (citing Social Security Ruling (SSR) 06-03P,

2006 WL 2329939, at *1). Here, in light of the factors listed in SSR 06-3p, the ALJ found Plaintiff's wife's statements "partially consistent with the evidence," but "an overestimate of the claimant's symptoms and functional limitations." (Doc. 10-2 at 27). As an example of an exaggerated portion of Plaintiff's wife's testimony, the ALJ compared her comments about Plaintiff hearing voices and complaining of pain to other evidence of Plaintiff's symptoms. (See id). The ALJ stated "[f]or instance, the medical evidence does not establish that the claimant has problems with hearing or talking but it does suggest he has some level of paranoia and difficulty with prolonged standing and walking." (Id). Therefore, the Court finds that because the ALJ supported his conclusion as to the credibility of Plaintiff's wife's testimony with specific examples in the record, it is supported by substantial evidence.

Plaintiff's second and fourth objections are both directed at the ALJ's decision to give little weight to the medical opinions of Plaintiff's treating physicians, Dr. Michael DeMichele and Dr. Henry Wehman. (See Doc. 22). Treating physician opinions are not binding upon an ALJ. *Chandler v. Comm'r of Soc.*, 667 F.3d 356, 361 (3d Cir. 2011). An ALJ is entitled generally to credit parts of a medical opinion without crediting the entire opinion. *Thackara v. Colvin*, No. 1:14-CV-00158-GBC, 2015 WL 1295956, at *5 (M.D.Pa Mar. 23, 205) (citing *Lee v. Comm'r Soc. Sec.*, 248 F.App'x 458, 461 (3d Cir. 2007) (Upholding the findings of the ALJ where the ALJ had afforded "great weight" to the opinions of treating physicians, but did not "fully credit" them where there were treatments gaps in their records that

undermined Plaintiff's claimed severity). An ALJ may afford a treating physician's opinion more or less weight depending on the extent to which supporting explanations are provided. *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985).

As to the opinion of Dr. DeMichele, Plaintiff objects to Magistrate Judge Mehalchick's finding that the ALJ "properly rejected, in whole or in part, the opinions of Dr. DeMichele and Dr. Wehman."[2] (Doc. 22 at 3). The ALJ gave "partial weight" to Dr. DeMichele's opinion, finding Plaintiff's limitation to sedentary work consistent with the record, but finding that the manipulative limitations suggested by Dr. DeMichele are not supported by the record. (Doc. 10-2 at 26).

In his objection, Plaintiff points to other evidence in the record that might tend to support Dr. DeMichele's opinion on Plaintiff's manipulative limitations.[3] (Doc. 22 at 3). However, in the Medical Source Statement cited by the ALJ, Dr. DeMichele provided no supporting explanation as to Plaintiff's manipulative limitations, which partially formed the ALJ's basis for affording Dr. DeMichele's opinion little weight. (Doc. 10-2 at 26; Doc. 10-11 at 54). The ALJ also cited to multiple other medical records as being unsupportive of Dr.

---

[2] Although Plaintiff's second objection seems to begin by addressing the ALJ's evaluation of both Dr. DeMichele and Dr. Wehman's opinions, the remainder of the objection is focused on only the ALJ's evaluation of Dr. DeMichele's opinion. (*See* Doc. 22 at 3).

[3] The Court is generously considering the evidence pointed to by Plaintiff, as he provided no specific citations to the record in support of his objection. Pursuant to 28 U.S.C. § 636(b)(1), a plaintiff must file timely *and specific* objections to the magistrate judge's report to trigger *de novo* review. *Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984) ("We are satisfied that providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." (citing H.R.Rep. No. 1609, 94th Cong., 2d Sess. 4–8, *reprinted in* 1976 U.S. Code Cong. & Ad. News 6162, 6164–68)).

DeMichele's assessment of Plaintiff's manipulative limitations, including prior physical examinations. (Doc. 10-2 at 26). At this stage of review, "we may not 'weigh the evidence or substitute [our own] conclusions for those of the fact-finder.'" *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). Therefore, because the ALJ's decision to give partial weight to Dr. DeMichele's opinion is supported by specific citations to Plaintiff's medical records, the Court finds the conclusion is supported by substantial evidence.

As to the opinion of Dr. Wehman, Plaintiff objects to Magistrate Judge Mehalchick's finding that the ALJ "properly discredited the opinion of Dr. Wehman that the Plaintiff had extreme limitations in multiple areas of work-related function." (Doc. 22 at 4). The ALJ afforded "little weight" to Dr. Wehman's opinion, finding it "inconsistent with his own treatment records." (Doc. 10-2 at 26). As an example of this inconsistency, the ALJ noted that Dr. Wehman's opinion states that plaintiff has extreme limitation in multiple categories, yet Dr. Wehman's records show Plaintiff having "only mild issues with euthymic moods. (*Id* at 26–27). The ALJ also points out that Dr. Wehman failed to provide reasoning for his opinions other than citing Plaintiff's "history." (*Id* at 27). In his objection, Plaintiff offers his own view of how the same evidence should have been evaluated by the ALJ, arguing that it is not necessarily inconsistent with having significant limitations in a work setting. (*See* Doc. 22 at 3–4). Again, Plaintiff is asking the Court to re-weigh the evidence and reach a different conclusion. That is not the role of the Court at this stage of the review. Thus, the

Court finds the ALJ's decision to give partial weight to Dr. Wehman's opinion is supported by substantial evidence.

Plaintiff's third objection is directed at Magistrate Judge Mehalchick's "finding that the Plaintiff had no limitations in the use of his right hand."[4] (*Id* at 3). Plaintiff further argues that the ALJ "found this was because there was only one time mentioned by Dr. DeMichele that the Plaintiff had difficulty opening and closing his right hand in June of 2015." (*Id* at 3–4). This argument suggests that the ALJ based his determination on Plaintiff's manipulative abilities solely on his rejection of the Medical Source Statement produced by Dr. DiMichele. This is not true. As discussed above, the ALJ considered multiple medical records when making his residual functional capacity (RFC) determination with respect to Plaintiff's lack of manipulative limitations. (*See* Doc. 10-2 at 24–27). Again, Plaintiff makes general references in his objection to other evidence that might tend to support some manipulative limitations in his right hand, but he provides no citations to the record. (Doc. 22 at 3–4). Therefore, as the Court will not re-weigh the substantive evidence reviewed by the ALJ, the Court finds that the ALJ's RFC finding is supported by substantial evidence.

Finally, Plaintiff objects to Magistrate Judge Mehalchick's finding that the ALJ "properly found the Plaintiff would not be able to interact appropriately with the public but could have occasional interaction with supervisors and coworkers." (*Id* at 5).

---

[4] The Court notes that Magistrate Judge Mehalchick made no factual findings in her R&R. Rather, her review was limited to whether the Commissioner's findings were supported by substantial evidence.

8

In determining Plaintiff's RFC, the ALJ found "the claimant can have no interaction with the public and occasional interactions with supervisors and coworkers in a routine work setting." (Doc. 10-2 at 24). To support this conclusion, the ALJ points to the opinion of State agency psychological consultant Peter Garito, Ph.D, which states Plaintiff would have "moderate limitations" in the ability to "get along with coworkers or peers, and respond appropriately to changes in the work setting." (*Id* at 26). The ALJ also references Plaintiff's medical records, which show "only mild mental health issues," that have been generally managed by "conservative treatment, such as use of psychotropic medications and outpatient psychiatric treatment." (*Id* at 25). The ALJ also notes that Plaintiff has shown "normal mental status examination on several occasions" despite his "allegations of disabling psychiatric symptomatology." (*Id* at 26). Nonetheless, the ALJ's workplace interaction limitation still accounts for Plaintiff's reports of difficulties concentrating, impaired judgment, insight, memory, as well as Plaintiff's paranoia and mood disturbances. (*Id*).

Plaintiff objects to Magistrate Judge Mehalchick finding it "plausible" for the ALJ to determine that Plaintiff's "potential supervisor(s) and co-worker(s) could regularly communicate with Rodriguez in a spoken and predictable manner, but that it was unlikely and perhaps impossible to demand the customer to communicate with such predictability." (Doc. 21 at 18). Plaintiff himself concedes "such an explanation made by the Administrative Law Judge may well have satisfied his duty to explain his reasoning," but he argues Magistrate Judge Mehalchick assumes too much. (Doc. 22 at 6). However, the Court

9

agrees with Magistrate Judge Mehalchick that this was a fair conclusion for the ALJ to draw after his review of the record, as it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 305 U.S. at 229. Therefore, the ALJ's RFC determination regarding Plaintiff's limited interaction with supervisors, coworkers, and customers is supported by substantial evidence.

For the above-discussed reasons, the Court will overrule Plaintiff's Objections, adopt the pending R&R, and affirm the Commissioner of Social Security's final decision. A separate Order follows.

Robert D. Mariani
United States District Judge